BLACK, Circuit Judge,
concurring in part and dissenting in part:
I concur except as to Traci Mathis. Upon review of the testimony at trial and the taped conversations between Savage and Mathis, I believe the Government presented sufficient evidence to support the jury’s verdict against Mathis. Further, the jury was entitled to disbelieve Mathis’ testimony at trial and use that testimony as substantive evidence against her. United States v. Brown, 53 F.3d 312, 314-15 (11th Cir.1995) (citations omitted). As we stated in Brown, “when a defendant chooses to testify, [s]he runs the risk that if disbelieved the jury might conclude the opposite of [her] testimony is true.” Id. at 314 (internal quotations and citations omitted).
Although the evidence presented at trial was sufficient to support Mathis’ conviction, I am sympathetic with the result that the majority would reach because the sentencing guidelines appear unduly harsh as applied to Mathis in this case.[1] It is unfortunate the district court did not have the discretion it had pre-guidelines.

. It appears from the judgment that the district court judge shared this view and departed three levels under 18 U.S.C. § 3553(b) and U.S.S.G. § 5K2.0 to reflect what he described as Mathis’ "marginal guilt” and “lack of participation in furtherance of the conspiracy.”